# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-cr-634-2 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| ALBERT ROBINSON, JR., | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On August 25, 2023, defendant Albert Robinson, Jr. ("Robinson") was sentenced to a custody term of 97 months, following his guilty pleas to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. No. 46 (Judgment); *see* Minutes of Proceedings [non-document], 8/25/2023; Doc. No. 34 (Plea Agreement); *see also* Doc. No. 11 (Indictment).) Now before the Court is Robinson's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 50 (Motion).) Appointed counsel filed a notice of intent to not supplement Robinson's *pro se* motion (Doc. No. 52 (Notice)), and plaintiff United States of America (the "government") filed an opposition to the motion. (Doc. No. 53 (Response).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a

reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

Robinson seeks a sentence reduction based on changes to the United States Sentencing Guidelines relating to the treatment of "status points," as set forth in Amendment 821, Part A. (Doc. No. 50, at 1.[1]) Specifically, he believes his sentence was improperly "enhance[d]" by the fact that he was on supervised release in state court for a prior conviction when he committed the offenses in this case. (*Id.*) The government insists that Robinson is ineligible for relief under the Amendment. (Doc. No. 53, at 1.)

Part A of Amendment 821, which now appears in the guidelines at U.S.S.G. § 4A1.1(e), limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). The Amendment was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* U.S.S.G. § 1B1.10(e)(2) (Nov. 1, 2023).

In advance of sentencing, the Court ordered the preparation of a Presentence Investigation Report ("PSR"). The PSR writer determined Robinson's base offense level to be 24. (*See also* Doc. No. 40 (Final Presentence Investigation Report ("PSR")), at 5 ¶ 16.) The writer then applied a Chapter Four Enhancement under U.S.S.G. § 4B1.1(b)(3), making his offense level 32. (*See also id.* at 6 ¶ 22.) He received a three level reduction for acceptance of responsibility, bringing his total

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

offense level to 29. (*See also id.* at 6 ¶¶ 23–25.)

Robinson had convictions for aggravated burglary, felonious assault, attempted felonious assault, discharge of a firearm on or near prohibited premises, and multiple convictions for having weapons while under a disability, which collectively scored 10 criminal history points. (*See also id.* at 11–13 ¶¶ 39–42.) Because Robinson committed the instant offenses while he was under a criminal justice sentence, the PSR writer added the then-applicable 2 "status points" under U.S.S.G. § 4A1.1(d). (*See also id.* at 13 ¶ 43.) With a total of 12 criminal history points, the PSR writer determined that Robinson was a criminal history category V. (*See also id.* at 14 ¶ 44.) Because the PSR writer applied an enhancement under § 4B1.1(b)(3), however, his criminal history category was automatically a category VI (*see also id.* at 14 ¶ 45), and because Robinson had also been convicted of 18 U.S.C. § 924(c), the PSR writer determined the advisory guidelines range to be 262–327. (*See also id.* at 19 ¶ 75.)

The parties, however, entered into a Rule 11(c)(1)(C) agreement, which called for a custody sentence of 97 months. (Doc. No. 34, at 4 ¶ 15.) At sentencing, the Court discussed with counsel the details of the parties' agreement, including the fact that it varied considerably from the calculations in the PSR. (Doc. No. 49 (Transcript of Sentencing Hearing), at 3.) While the Court found that the PSR writer's calculation of the advisory guidelines range was correct "across the board[,]" the Court agreed to honor the parties' plea agreement, including their calculations under the guidelines. (*Id*. at 10.)

The Court, therefore, determined that the base offense level for Robinson's drug offense (Count 2) was 18, from which 3 levels were subtracted for acceptance of responsibility. (*Id*. at 11.) The Court agreed with the PSR writer that Robinson's prior convictions collectively scored 10

3

criminal history points. (*Id*. at 11.) In anticipation of the change in the law regarding the treatment of "status points" under Amendment 821, however, the Court only added one status point because Robinson was under a criminal justice sentence at the time of the offenses. (*Id*.) With 11 criminal history points, the Court determined that Robinson's criminal history category was V. (*Id*.) The advisory guidelines range of imprisonment for an offense level of 15 and a criminal history category of V was 37–46 months. (*Id*.) With respect to Robinson's weapons offense (Count 3), the Court observed that there was a mandatory minimum sentence of 60 months that must run consecutive to the drug offense (Count 2), and, therefore, it determined that the advisory guidelines range was 97–116 months. (*Id*. at 11–12.) Consistent with the parties' Rule 11(c)(1)(C) agreement, the Court sentenced Robinson to a custody term of 97 months. (*Id*. at 19; *see* Doc. No. 46, at 2.)

A defendant who enters into a Rule 11(c)(1)(C) agreement is eligible for retroactive relief under § 3582(c)—so long as the guidelines range was "part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes v. United States*, 584 U.S. 675, 685, 138 S. Ct. 1765, 201 L. Ed. 2d 72 (2018). While Robinson's Rule 11(c)(1)(C) agreement may not preclude consideration under § 3582(c), Robinson is entitled to no relief because his applicable sentencing range has not "been lowered by the [Sentencing] Commission pursuant to 28 U.S.C. § 994(o)[.]" *See United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013); 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).

As noted, at sentencing the Court anticipated the change in the law and *afforded Robinson the benefit of Amendment 821* by only adding one—instead of two—"status points" to his criminal history score. If he were sentenced today, therefore, his criminal history score would remain 11, he would still be a criminal history category V, and his advisory sentencing range would remain

97–116 months. Because Robinson already received the benefit of Part A of Amendment 821 at sentencing and his advisory guidelines range remains undisturbed, he is ineligible for a further reduction under the Amendment.[2] Further, because Robinson is ineligible for a sentence reduction based on Amendment 821, the Court need not proceed to the second step of evaluating whether the factors under 18 U.S.C. § 3553(a) justify reducing the sentence.

For the foregoing reasons, Robinson's motion to reduce his sentence (Doc. No. 50) is denied.

**IT IS SO ORDERED**.

Dated: May 29, 2025

_____
**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[2] The government argues Robinson is ineligible for relief under Amendment 821 due to his status as a career offender. (Doc. No. 53, at 4.) This is not entirely accurate. The Court did not apply the career offender enhancement under § 4B1.1(b)(3) for the dual reasons that it was honoring the parties' Rule 11(c)(1)(C) agreement and because it found that "the career offender guideline produces a range which is significantly higher than necessary." (Doc. No. 49, at 10; *see also id*. at 3.) Rather, Robinson is ineligible for relief because he received the benefit of Amendment 821, Part A, at sentencing, and, therefore, application of the Amendment now would not change his advisory guidelines range.